UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SAJJAD AHMAD MALLIK,                                    **COMPLAINT**

                                    Plaintiff,          Civil Case #

          -against-

THE UNITED STATES OF AMERICA,

                                    Defendants.
-----------------------------------------------------------------x


1.      Plaintiff SAJJAD MALLIK, by his attorneys, GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, brings this Complaint against defendant THE UNITED STATES OF AMERICA pursuant to Federal Tort Claims Act ("FTCA") 28 U.S.C. §§1346(b) and 2671-80.

2.      Plaintiff filed his Administrative Claim on November 19, 2020, which was denied by the United States Postal Service on June 22, 2021. Plaintiff is commencing this action within 6 months of the letter denying the claim. (See the filed Administrative Claim and Letter of Denial attached hereto as **Exhibit A**)

                              **INTRODUCTION**

3.      This is an action for personal injuries suffered by the plaintiff due to the negligence of the defendant, their agents, servants and employees in their ownership, maintenance, management, possession, construction, installation and control of Cooper Station Post Office Building located at 93 4th Avenue, New York, New York 10003.  As a result of the defendant's negligence, the plaintiff  sustained severe and permanent injuries, including, but not limited to a ruptured globe and Phacomorphic Glaucoma in the left eye.

4.      The United States Postal Service is an agency of the executive branch of the United States Federal Government, and therefore is covered by the Federal Torts Claims Act ("FICA"), has caused plaintiff's tortious injury.  Therefore, as permitted by the statute, plaintiff brings this action against defendant THE UNITED STATES OF AMERICA.

## JURISDICTION

5.      This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671-80.  This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. §§13469b)(1).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(e) and 1402(b), as this is an action against the UNITED STATES OF AMERICA and this is the district in which the tortious acts and omissions that give rise to the claims occurred.

## PARTIES

7.      Plaintiff SAJJAD MALLIK lives in the State of New York, residing at 95-30148th Street, Jamaica, NY  11435.

8.      The Cooper Station Post Office Building, located at 93 4th Avenue, New York, NY  10003 is a FTCA covered facility  owned and operated by the United States Government.

9.      Defendant UNITED STATES OF AMERICA is a party to this action by virtue of the Federal Torts Claims Act, 28 U.S.C. §§1346(b) and 2761, et seq.

## PROCEDURAL HISTORY

10.      Pursuant to 28 U.S.C. §2675, plaintiff filed a claim  on November 19, 2020 with the United States Postal Service alleging that the FTCA  covered the Cooper Station

Post Office Building located at 93 4th Avenue, New York, NY 10003, and alleging that the

plaintiff suffered injury to his left eye as a result of being given inadequate eye protection.

As a result, Mr. Mallik, while using a grinder to remove paint, had a piece of wire enter his

eye causing a ruptured globe and Phacomorphic Glaucoma, and various other harms.

11.     The United States Postal Service denied the plaintiff's claim by letter dated

June 22, 2021. As such, this matter is timely commenced pursuant to 28 U.S.C. §§2401(b)

and 2675(a).

## FIRST CAUSE OF ACTION

12.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in those paragraphs of this Complaint marked and designated "1" through "11", inclusive

with the same force and effect as if more fully set forth herein at length.

13.     At all times hereinafter mentioned, Olympic Contracting Corp. was a

domestic corporation organized and existing under and by virtue of the laws of the State of

New York.

14.     At all times hereinafter mentioned, Olympic Contracting Corp. was

authorized to conduct business in the State of New York.

15.     Upon information and belief, on May 16, 2020, and for some time prior

thereto, Olympic Contracting Corp. was the general contractor for the premises undergoing

construction located at the Cooper Station Post Office Building, 93 4th Avenue, New York,

NY 10003.

16.     At all times hereinafter mentioned, Globe Renovation Inc. was a domestic

corporation organized and existing under and by virtue of the laws of the State of New

York.

17.    At all times hereinafter mentioned, Globe Renovation Inc. was authorized to conduct business in the State of New York.

18.    Upon information and belief, prior to May 16, 2020, Globe Renovation Inc. entered into a contract with Olympic Contracting Corp. to perform construction/ renovation work at the Cooper Station Post Office Building, 93 4th Avenue, New York, NY 10003.

19.    Upon information and belief on May 16, 2020, and for some time prior thereto, Olympic Contracting Corp. managed, operated and controlled the construction/ renovation work, and more particularly, the façade renovation work being done to the Cooper Station Post Office Building at 93 4th Avenue, New York, NY 10003.

20.    Upon information and belief, prior to May 16, 2020, the United States Postal Service entered into a contract with Olympic Contracting Corp. to perform construction/renovation work, which included restoration work to the façade of the aforementioned premises.

21.    Upon information and belief, prior to May 16, 2020, Globe Renovation Inc. entered into a contract with Olympic Contracting to perform restoration work to the façade of the aforementioned premises.

22.    On May 16, 2020, Olympic Contracting Corp. was performing work at the aforementioned premises pursuant to a contract with the United States Postal Service.

23.    On May 16, 2020, Globe Renovation Inc. was performing construction/renovation work, including façade restoration work at the aforementioned

premises pursuant to a contract with Olympic Contracting Corp.

24.     On May 16, 2020, the plaintiff SAJJAD AHMAD MALLIK was working at 93 4th Avenue in the City, County and State of New York.

25.     On May 16, 2020 the plaintiff SAJJAD AHMAD MALLIK was working at the aforementioned construction/renovation site in the course and scope of his employment with Olympic Contracting Corp.

26.     On May 16, 2020, while working at the aforementioned construction/ renovation site, the plaintiff SAJJAD AHMAD MALLIK was caused to sustain severe injuries when a piece of wire entered his left eye while he was removing paint with a grinder from the façade of the Post Office building.

27.     The aforesaid occurrence was due to the negligence of the defendant, its agents, servants and employees, in their ownership, maintenance, management, possession, construction, installation and control of the aforementioned area; in failing and omitting to keep and maintain the aforesaid area in a reasonable, safe, proper, suitable and fit condition for its intended and foreseeable use and purpose; in failing and omitting to provide the plaintiff with a safe and proper place to work; in failing to provide approved eye protection equipment suitable for hazards involved with grinding material from a surface or premises; in failing and omitting to provide and furnish an area for the performance of work, labor and services which were so constructed, supported, fastened, guarded and arranged so as to provide proper and adequate protection and safety to persons employed about the premises, including the plaintiff; in failing to warn the plaintiff of the dangerous, hazardous and unsafe condition of the job site; in violating Federal OSHA

codes, regulations, statutes, rules, laws and ordinances, and further including, but not limited to, §§200 and 241(6) of the New York State Labor Law, and in violating the New York Code of Rules and Regulations, including, but not limited to Part 12 NYCRR 23-1.8(a), and in otherwise being careless and negligent.

28.     By reason of the foregoing, the plaintiff SAJJAD AHMAD MALLIK sustained injuries to his head, limbs and body, a severe shock to his nervous system, and certain internal injuries, including a ruptured globe and Phacomorphic Glaucoma in his left eye, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some of these injuries are of a permanent and lasting nature; that the plaintiff has been confined to his bed and home as a result thereof; that he has been caused to expend and become obligated to expend sums of money for medical attention and medicines, and has been caused to abstain from the duties of his vocation.

29.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

30.     By reason of the foregoing the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

**SECOND CAUSE OF ACTION**

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated "1" through "30", inclusive with the same force and effect as if more fully set forth herein at length

32.     The foregoing occurrence constituted a breach and violation by the defendant of §§200 and 241(6) of the New York State Labor Law,  and in violating the New

York Code of Rules and Regulations, including, but not limited to Part 12 NYCRR 13-1.8(a), as well as the rules promulgated thereunder.

33.     By reason of the foregoing, the defendant is absolutely and strictly liable to the plaintiff SAJJAD AHMAD  MALLIK.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendant THE UNITED STATES OF AMERICA in the sum FIVE MILLION ($5,000,000.00) DOLLARS, together with interest, and the costs and disbursements of this action.

Dated: New York, New York
     December 1, 2021

           Yours etc.,

           GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM
           HERSHENHORN, STEIGMAN & MACKAUF
           Attorneys for Plaintiff

           _____
           Anthony H. Gair
           80 Pine Street, 34th Floor
           New York, NY 10005
           (212) 943-1090
           Email: agair@gairgair.com

STATE OF NEW YORK, COUNTY OF NEW YORK: SS:-

**ANTHONY H. GAIR**, the undersigned attorney admitted to practice in the courts of the State of New York, states that affirmant is a member of the firm of GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, attorneys for the Plaintiff(s) in the within action; that affirmant has read the foregoing **COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to those matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this verification is made by affirmant and not by the plaintiff(s) is that the plaintiffs are not within the County wherein affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's own knowledge are consultations had with the plaintiff(s) and investigation and data in affirmant's own possession.

The undersigned affirms that the following statements are true under the penalty of perjury.

Dated:        New York, New York
              December 1, 2021

_____
Anthony H. Gair

# EXHIBIT A

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
STEPHEN H. MACKAUF
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
_____
ROBERT D. SUNSHINE, MD, F.A.C.S.

# RUBINOWITZ
# BLOOM
# HERSHENHORN
# STEIGMAN & MACKAUF

**Counselors at Law**

80 PINE STREET, 34TH FLOOR
NEW YORK, NY 10005
TEL: 212-943-1090
FAX: 212-425-7513
www.gairgair.com

**New Jersey Office**

ONE GATEWAY CENTER, STE. 2600
NEWARK, NJ 07102
TEL: 973-645-0581
FAX: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

November 19, 2020

Chief Counsel, Torts, General Law Service Center
USPS National Tort Center
1720 Market Street, Room 2400
St. Louis, MO 63155-9948

      RE:   **Sajjad Ahmad Malik**
            **Date of Birth: March 16, 1964**
            **Date of Accident: May 16, 2020**

Dear Sir/Madam:

    Enclosed please find the Claim for Damage, Injury or Death regarding Sajjad Ahmad Malik.

    Thank you.

                  Very truly yours,

                  GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                  HERSHENHORN, STEIGMAN & MACKAUF

          By:    Anthony H. Gair, Esq.

AHG/sf

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Chief Counsel, Torts, General Law Service Center USPS National Tort Center 1720 Market Street, Room 2400 St. Louis, MO 63155-9948 | Sajjad Ahmad Mallik, 95-30 148th Street Jamaica, New York 11435 Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf 80 Pine St., NY, NY 1000 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 03/16/1964 | Married | 05/16/2020 | Approximatley Noon |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

The occurrence took place at Cooper Station Post Office Building, 93 4th Ave. NY, NY, 10003 during facade restoration/ construction project. Contract # 089495-19-B-0026 with Olympic Contracting, Corp., Contract # with Agency Contracting, Inc. 089495-15-13-0073. The claimant was employed by Olympic Contracting Corp. while using a grinder to remove paint had a piece of wire enter his left eye causing a ruptured globe & Phacomorphic Glaucoma due to inadequate eye protection. Upon I&B the General Contractors were Agency & Olympic.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Ruptured Globe of Left Eye. Phacomorphic Glaucoma . Surgery for Lensectomy and other injuries as yet not determined.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| N/A | | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $5,000,000. | | $5,000,000. |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 212-943-1090 | 11/18/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

Not applicable.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No  |  17. If deductible, state amount.

Not applicable.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
A claim has been filed with the New York State Worker's Compensation Board. A hearing has been requested. A Summons and Complaint was filed in New York State Supreme Court, Queens County, Index #: 721666/2020 against Agency and Globe.

19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

Not applicable.

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all Items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the incident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

LAW DEPARTMENT
NATIONAL TORT CENTER

 **UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO. 7020 2450 0002 0564 1037**
**RETURN RECEIPT REQUESTED**

June 22, 2021

Mr. Anthony H. Gair
Gair, Gair, Conason, et al.
80 Pine Street, 34th Floor
New York, NY 10005

Re:    Your Client:          Sajjad Ahmad Malik
       Date of Incident:     May 16, 2020
       NTC File No.:         NT202073587

Dear Mr. Gair:

This is in reference to the administrative claim you filed on behalf of the above-
referenced claimant under the provisions of the Federal Tort Claims Act, as a result
of injuries allegedly sustained on or about May 16, 2020.

The Postal Service is not legally obligated to pay all losses which may occur, but
only those caused by the negligent or wrongful act or omission of an employee
acting in the scope of his/her employment. We are guided in our determination by
all the information available to us, including the reports of our personnel and any
other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a
negligent act or omission on the part of the U.S. Postal Service or its employees.
While we regret any injury that may have occurred, we cannot accept legal liability
for these alleged damages. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with
the Postal Service's final denial of an administrative claim, a claimant may file suit in
a United States District Court no later than six (6) months after the date the Postal
Service *mails* the notice of that final action. Accordingly, any suit filed in regards to
this denial must be filed no later than six (6) months from the date of the mailing of
this letter, which is the date shown above.  Further, note the United States of
America is the only proper defendant in a civil action brought pursuant to the Federal
Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b),
prior to the commencement of suit and prior to the expiration of the six (6) month
period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX: 314/345-5893

- 2 -

legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Brittany Lindsay
Tort Claim Adjudicator

cc:    Mark Tam
       Tort Claims Coordinator
       File No. 100-20-00501805A